[Civ. No. 10458. First Appellate District, Division Two.—June 18, 1937.]

JOHN H. HENCKEN, Appellant, v. CITY OF MORGAN HILL et al., Respondents.

H. M. Anthony for Appellant.

James F. Boccardo and Bohnett, Hill, Cottrell & Boccardo for Respondents.

STURTEVANT, J.—Claiming that the defendant city had entered into an illegal contract, "Exhibit A", the plaintiff commenced this action to have it so declared and for other relief. The municipal authorities filed a general demurrer to the plaintiff's amended complaint. The demurrer was sustained without leave to amend and judgment was entered for the defendants. From that judgment the plaintiff has appealed. The contract claimed to be illegal is as follows:

1. "This indenture of lease made this 7th day of May, 1930, by and between R. H. Hencken and Eleanor Hencken, his wife, of the Town of Morgan Hill, County of Santa Clara, State of California, hereinafter called the Lessors, and the Town of Morgan Hill a municipal corporation of the sixth

class, of the County of Santa Clara, State of California, hereinafter called the Lessee.

"Witnesseth

2. "That for and in consideration of the payment of the rents and the performance of the covenants contained herein and on the part of the Lessee to be observed and performed, said Lessors do hereby lease, demise and let unto the Lessee and the Lessee hereby hires and takes from the Lessor those certain lots of land in the City of Morgan Hill, County of Santa Clara, State of California, described as follows:

3. "The lots of land located on the South West corner of Monterey Street and Main Avenue in the said Town of Morgan Hill, being lots numbered one (1) and two (2) in block numbered seventy-nine (79), as per map of said Morgan Hill, together with the building to be constructed thereon by the Lessors, which said building will be used for general town purposes and will cost not to exceed the sum of eight thousand dollars ($8,000.00).

4. "For the term of ten years commencing at the time the new building will be constructed and completed or until sooner determination of this lease. Said rent being payable yearly in advance as follows:

5. "The first year's rent will be twenty-eight hundred dollars ($2,800.00), payable when the new building will be completed.

"Thereafter rent will be paid in the following manner:

"On the first day of August 1931    $2119.00

| | |
|---|---|
| 1932 | 2028.00 |
| 1933 | 1937.00 |
| 1934 | 1846.00 |
| 1935 | 1755.00 |
| 1936 | 1664.00 |
| 1937 | 1573.00 |
| 1938 | 1482.00 |
| 1939 | 1391.00 |

6. "The building to be constructed upon said premises will be of a class and construction and material and according to plans and specifications that will meet with the approval of the board of trustees of the said Town of Morgan Hill. Said Lessee agrees to pay said rental at the times above specified and not to assign or sub-let this lease without the written consent of the Lessor. Said Lessee further agrees to keep

said premises in good condition during the term of this lease at its own expense and cost and will keep said building insured aganst damage by fire or other damages, loss, if any, payable to the Lessors or the Lessee as their interest may appear, as hereinafter stated.

7. "It is further agreed that the Lessee shall pay all taxes, insurance, light, gas and water rates that will be levied against said property and that no lien or other charge or incumbrance shall be attached to said property by any act or omission on the part of the Lessee.

8. "It is further agreed and understood that in the event of the Lessee paying the rent and performing all of the covenants of this lease herein provided, said Lessee may have the right and option and is hereby given the right and option to purchase the above mentioned premises at any time during the term of this lease, the above described property with the building to be constructed thereon, for the total sum or price of fourteen thousand five hundred dollars ($14,500.00) together with interest thereon as hereinafter provided.

9. "It is further agreed that the Lessee, if it so elects, may purchase the above described premises and in that event, that all sums paid as rent up to the time of the exercising of said option to buy shall be applied and credited as part payment on said purchase price, as of the date of payment and that interest will be paid by the Lessee to the Lessors as part of the purchase price at the rate of seven per cent (7%) per annum, figured on the decreasing balance of said purchase price; and that upon exercising said option and paying said amount, the principal and interest, the Lessors will deliver to the Lessee a good and sufficient bargain and sale deed with title insurance showing the property free and clear of all encumbrances, done, made or suffered by the Lessors.

10. "The conditions and covenants of this lease are and shall be binding upon the heirs, executors, administrators, assigns and successors of all the parties hereto.

11. "In witness whereof the Lessors have hereunto set their hands and the Lessee has caused its corporate name to be affixed by its Mayor and Town Clerk thereunto by resolution of the board of trustees of the Town of Morgan Hill duly authorized the day and year first above written."

(For convenience of reference we have numbered the paragraphs.)

442

■ In his complaint the plaintiff claimed that the above and foregoing contract was illegal and in violation of the provisions of section 18 of article XI of the state Constitution. That section, in part, is as follows: "No county, city, town, township, board of education, or school district, shall incur any indebtedness or liability in any manner or for any purpose exceeding in any year the income and revenue provided for such year without the assent of two-thirds of the qualified electors etc." He did not plead the income of the city of Morgan Hill for any single year, nor did he plead the amount of the charges, fixed or otherwise, for any one year. He did use the expressions "exceeded", "excess", "in excess", and kindred expressions. The defendants assert that the pleading was defective in not pleading the facts and that the words used by the pleader were but conclusions. The plaintiff replies that the defendants are mistaken. He cites and relies on *Garrett* v. *Swanton*, 216 Cal. 220 [13 Pac. (2d) 725]. The case is not helpful. Commencing on page 225 the court said: "On information and belief plaintiffs alleged that the necessary and requisite expenditures of the city for the fiscal year from July 1, 1927, to July 1, 1928, inclusive of the total obligation of this contract, exceeded the revenue of said city of Santa Cruz for said fiscal year. *This is conceded to be a fact by respondents.*" (Italics ours.) It is apparent the case is not an authority in support of the plaintiff. Other cases relied on by the plaintiff did not involve questions of pleading but were addressed to the rule of law being discussed. We think the objection made by these defendants was clearly sound.

■ Before taking up the main contention of the plaintiff it should be noted that the charging portion of his pleading is as follows: "VII. Plaintiff alleges that the necessary and requisite expenditures of the city of Morgan Hill for the fiscal year from July 1, 1929, to July 1, 1930, inclusive of the obligations incurred pursuant to the provisions of said agreement marked 'Exhibit A', exceeded the income and revenue of the said city of Morgan Hill for such fiscal year; . . . ", in excess of the available money in the treasury of said city of Morgan Hill . . . "X. The rentals and the purchase price required by said agreement 'Exhibit A' to be paid to the defendants, R. H. Hencken and Eleanor Hencken at the time of the executing of said agreement, May 7, 1930,

exceeded the income and revenue provided for said year July 1, 1929, to July 1, 1930, . . . '', without obtaining the assent of two-thirds of the qualified electors, etc. It is not alleged that the yearly revenue for any other fiscal year was exceeded. Exhibit ''A'' was executed May 7, 1930. That fact created no debt as of that date. (*McBean* v. *City of Fresno*, 112 Cal. 159 [44 Pac. 358, 53 Am. St. Rep. 191, 31 L. R. A. 794].) It recites that a building is to be constructed by the lessors (paragraph 3). It also recites that the first payment will be made ''when the new building will be completed'' (paragraph 5). The complaint does not allege any payment to be made nor that any payment was made during the fiscal year July 1, 1929, to July 1, 1930. On the other hand it alleges that the first payment, $2,800, was made September 13, 1930. On that date the defendant city was entitled to use any balance remaining in the funds for the fiscal year 1929–1930 and to add thereto any funds available for the fiscal year 1930–1931. What was the amount of those two items is not alleged. Moreover it is perfectly clear that plaintiff's complaint contained no allegation to the effect that the payment of $2,800 made September 13, 1930, exceeded the revenue for the year July 1, 1930, to July 1, 1931, the particular year in which said payment was made. Nor is there any allegation to the effect that when the contract was written it was contemplated or provided therein that any one of the payments to be made by the city of Morgan Hill was to be made out of the funds of said city for the fiscal year July 1, 1929, to July 1, 1930.

In making his attack the plaintiff contends the foregoing instrument is not a lease but that it is a conditional sales contract. The defendants contend that it is a lease and not a conditional sales contract. We need not pause to determine that dispute. A similar question was involved in *Garrett* v. *Swanton, supra*. On page 226 the court said: ''The law is well settled in this state that instalment contracts of any kind, where the instalment payments are to be made over a period of years and are to be paid out of the ordinary revenue and income of a city, where each instalment is not in payment of the consideration furnished that year, and the total amount of said instalments when coupled with the other expenditures exceeds the yearly income, are violative of the constitutional provision in question

unless approved by a popular vote. *This is so whether the contract be denominated a mortgage, lease, or conditional sale.*" (Italics ours.) The problem presented to us is not therefore whether the purported contract was a lease or a conditional sale, but it is a question as to whether the purported contract violated the provisions of section 18 of article II of the state Constitution. We have shown above that it did not do so.

■ Moreover the complaint does not present facts showing why a court of equity should entertain it. The plaintiff alleges that at all times he was a resident and taxpayer of the city of Morgan Hill. He knew, or in the exercise of ordinary care could have known, the transactions of the board of trustees of the defendant city. No fact is alleged showing he did not have such knowledge. The contract was executed May 7, 1930. This action was not commenced until March, 1936. In the meantime the defendant city has made payments of a total sum of $12,485. No part of those payments is alleged to be invalid excepting $2,800. The wrongful payment of that sum, if it was wrongful, was committed six years ago. The plaintiff's cause of action, if he had one, is clearly barred by his laches. (*Garrity* v. *Miller,* 204 Cal. 454 [268 Pac. 622].)

■ The contract in suit was made by a municipality of the sixth class. Every presumption is to the effect that it was legally and honestly made. The pleading that would successfully attack the contract should contain such averments as would show on the face of the pleading that the contract was invalid. That showing was not made by the plaintiff and the demurrer was properly sustained.

The judgment appealed from is affirmed.

Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 17, 1937, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 16, 1937.