JOSEPH B. STRUM, Plaintiff, *v.* BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Defendants.

Supreme Court, Special Term, New York County, December 2, 1947.

*Joseph J. Nasaw* and *Benjamin M. Zelman* for plaintiff.

*Charles E. Murphy, Corporation Counsel* (*Morris Weissberg* of counsel), for defendants.

E<small>DER</small>, J.  Motion by plaintiff for judgment on the pleadings is denied.  Defendants' request that judgment be granted dismissing the complaint is denied.

Plaintiff seeks a declaratory judgment, declaring that he, an employee of the defendant board of education of the city of New York, was entitled to commence teaching upon his appointment as a regular teacher at a salary commencing at a higher level, i.e., that the court declare that plaintiff upon his appointment as a teacher of senior high school was entitled to commence teaching at a salary based upon the eighth year, namely $3,276; other declaration of his status is also sought in respect to credit for outside teaching experience; plaintiff also seeks back pay, together with a judgment declaring his status on the salary scale for the future.

The answer, after pleading certain denials, sets up a number of defenses, one being a claim of laches.

Plaintiff was appointed a regular teacher in the junior high school on February 1, 1938; at the time of such appointment he was granted by defendants three years of salary credit for all of his prior experience; he instituted this action on June 6, 1947, wherein he seeks to compel the board of education to grant him an additional four years of salary credit for outside teaching experience upon his appointment to the senior high school.

With respect to the claim of laches defendants assert it has resulted in prejudice, that if the plaintiff had acted with diligence in making his claim for additional salary the board of education would have been enabled to seek legislative relief with respect to the matter of plaintiff's salary, and, in addition, saved ten years' interest upon each installment of the claim as it accrued monthly, which interest now amounts to a substantial sum.

This action was begun more than nine years after plaintiff was granted the salary credit of which he complains.

In an action for a declaratory judgment, jurisdiction is discretionary.

Rule 212 of the Rules of Civil Practice, entitled " Jurisdiction discretionary ", provides: " If, in the opinion of the court, the parties should be left to relief by existing forms of actions, or for other reasons, it may decline to pronounce a declaratory judgment, stating the grounds on which its discretion is so exercised."

In *Hammond* v. *Hopkins* (143 U. S. 224, 250) the rule regarding laches, in consequence of which a court of equity will decline to interfere, is instructively expressed, as follows: " No rule of law is better settled than that a court of equity will not aid a

party whose application is destitute of conscience, good faith and reasonable diligence, but will discourage stale demands, for the peace of society, by refusing to interfere where there have been gross laches in prosecuting rights, or where long acquiescence in the assertion of adverse rights has occurred.''

As the court points out, each case must necessarily be governed by its own circumstances, since, though the lapse of a few years may be sufficient to defeat the action in one case, a longer period may be held requisite in another, dependent upon the situation of the parties, among them being the extent of their knowledge or means of information, or the absence of any reasonable impediment or hindrance to the assertion of the alleged rights, and the like.

No reason appears to be set forth by plaintiff for the delay of more than nine years before bringing this suit or for plaintiff's long acquiescence in the assertion of his alleged rights.

Where unexplained, inexcusable or gross laches appears, a declaratory judgment will be refused. In *Rockowitz Corset & B. Corp.* v. *Madame X Co., Inc.* (130 Misc. 836) a declaration was refused, where there was a delay of two years before the declaration was sought.

In *Hencken* v. *City of Morgan Hill* (21 Cal. App. 2d 438) the action was for a declaratory judgment, to void a lease entered into by the city in May, 1930; the action was not commenced until six years later. The court held relief by declaration should be refused for laches.

As jurisdiction herein is discretionary, it may be that the court, at the trial may decline to pronounce a declaratory judgment because of plaintiff's long delay in bringing this suit and by reason of his long acquiescence in the ruling of the board of education as to his status.

Whether the plaintiff will satisfactorily explain the delay upon the trial and induce the court in its discretion to entertain the action, or whether the defendants will satisfy the court that they have been prejudiced by the delay so as to warrant its refusal, in its discretion, to pronounce a declaratory judgment, will obviously involve issues of fact, and attendant circumstances, matters not before this court, and not properly determinable upon a motion of this nature.

Upon the pleadings as such, enough appears to show the complaint states a cause of action, and the answer a defense, at least as to the claim of laches. In consequence, neither plaintiff nor defendants may have judgment on the pleadings.